Jason Andrew Davis (SBN 224250)
27201 Puerta Real, Suite 300
Mission Viejo, CA 92562
T: 866-545-4861
C: 949-310-0817
F: 888-624-4867
E: Jason@CalGunLawyers.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT CALIFORNIA

| | |
|---|---|
| BRYAN THOMAS SJOERD MENNE AND TORREY PATRICK SJOERD MENNE,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA DEPARTMENT OF PARKS AND RECREATION, PARK RANGER J. HOLLINS (BADGE #1865), IN HER INDIVIDUAL AND OFFICIAL CAPACITIES, AND DOES 1-10,<br><br>        Defendant | Case No.: 8:25-cv-00902-JWH-KES<br><br>SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983<br><br>ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Plaintiffs Bryan Thomas Sjoerd Menne and Torrey Patrick Sjoerd Menne against Park Ranger J. Hollins (Badge #1865) aka Jaycee Hollins and unnamed Doe Defendants, arising from an unlawful detention, search, seizure, and citation on May 19, 2023, at Oceano Dunes State Vehicular Recreation Area.

2. On August 24, 2024, the Superior Court of California, County of San Luis Obispo, granted Plaintiffs' petitions for a finding of factual innocence under California Penal Code § 851.8, determining that there was no reasonable cause to believe Plaintiffs committed the offenses for which they were cited. This state court finding establishes that the actions taken by Defendants were unreasonable and violated Plaintiffs' constitutional rights. (Superior Court Orders Granting Factual Innocence, dated August 24, 2024.)

3. Plaintiffs seek damages, declaratory relief, and attorneys' fees for violations of their Second, Fourth, and Fourteenth Amendment rights under the U.S. Constitution, as well as pendant state law claims.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because the claims arise under

42 U.S.C. § 1983 and the U.S. Constitution. Supplemental jurisdiction over the state law claims is proper under 28 U.S.C. § 1367(a).

5. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred at Oceano Dunes State Vehicular Recreation Area, located in San Luis Obispo County, within the Central District of California.

**PARTIES**

6. Plaintiff Bryan Thomas Sjoerd Menne is an individual residing in Orange County, California. He is a law-abiding citizen and avid sportsman who engages in shooting activities.

7. Plaintiff Torrey Patrick Sjoerd Menne is an individual residing in Orange County, California. He is the son of Bryan Menne, a law-abiding citizen and an avid sportsman who engages in shooting activities.

8. State of California Department of Parks and Recreation is a state agency responsible for managing state parks, including Oceano Dunes State Vehicular Recreation Area.

9. Defendant Park Ranger J. Hollins (Badge #1865) is an individual employed by the California Department of Parks and Recreation. She is sued in her individual and official capacities for actions taken under color of state law on May 19, 2023.

10. Defendants Does 1-10 are unknown individuals, including supervisors or other officers of the Department of Parks and Recreation who participated in, directed, or ratified the unconstitutional conduct alleged herein.   Does 1-10 also include "supervisors who failed to train Hollins.  Plaintiffs will seek leave to amend this complaint upon identifying these individuals.

11. At all times relevant, Defendants acted under color of state law.

## FACTUAL ALLEGATIONS

12. On or about May 19, 2023, Plaintiff Bryan Menne was driving a vehicle with his son, Plaintiff Torrey Menne, and his wife, Patricia Menne, as passengers.

13. At the entry gate to the Oceano Dunes State Vehicular Recreation Area, the Mennes asked, prior to entry, if they could unload their motorcycles before entering the park. The guard said "no," and informed them that they would have to enter and go past the creek crossing before unloading, even though their motorcycles are street-legal vehicles.

14. The family entered Oceano Dunes State Vehicular Recreation Area at approximately 10:02 a.m.

15. The Mennes are avid sportsmen who lawfully transport firearms for shooting activities. On this occasion, they carried four firearms: two 9mm handguns, a .22 rifle, and another rifle. All firearms capable of being concealed were

SECOND AMENDED COMPLAINT
Page 4

unloaded, secured in locked cases, and separated from ammunition, in full compliance with California law, including Penal Code § 25610 and 14 CCR § 4313.

16. Plaintiffs intended to use the firearms for lawful recreational shooting activities on a private ranch in Creston, CA, after a quick stop on the way to ride the Pismo Dunes, a permissible use consistent with their Second Amendment rights and the park's allowances for unloaded, secured firearms.

17. Shortly after entering the park, Defendant Park Ranger J. Hollins (Badge #1865) stopped the vehicle, alleging that Bryan Menne was speeding (20-22 mph in a 15 mph zone). Hollins detained all occupants and requested Bryan Menne's vehicle registration and driver's license.

18. During the stop, Hollins asked if the occupants had firearms. Bryan Menne truthfully responded, "yes," and disclosed the presence of the firearms, which were secured as described above. Hollins inspected a hard rifle case through the rear driver's side window and, unable to remove it, directed Bryan Menne to unlock and open the rear door.

19. Hollins then demanded all firearms be turned over to her for inspection, escalating the stop without reasonable suspicion of criminal activity beyond the alleged traffic violation. Bryan Menne complied, providing the firearms and keys to the locked cases.

20. After approximately two hours of detention, Hollins issued Bryan Menne Citation Number 909100 and Torrey Menne Citation Number 909099, both for violating 14 CCR § 4313(a), which prohibits possession of loaded firearms or those readily usable in state parks. Hollins confiscated all four firearms and ordered the Mennes to leave the park immediately, escorted them out of the park by following their vehicle until the Mennes left and banned their return for 24 hours. The Mennes were not allowed to ride their motorcycles, even though they paid entry and no longer had any firearms in their possession after they were unconstitutionally seized.

21. The firearms were transported in compliance with 14 CCR § 4313, as they were unloaded, packed, cased, and stored to prevent ready use. No evidence suggested otherwise.

22. On or about May 30, 2023, Hollins amended the citations, replacing the 14 CCR § 4313(a) charges with Penal Code § 25400(a)(1) (Bryan Menne) and § 25400(a)(3) (Torrey Menne), alleging concealed carry violations. These charges were baseless, as Penal Code § 25610 expressly permits transporting unloaded firearms in locked containers within a vehicle.

23. Bryan Menne was incorrectly identified as the owner of one of the Sarsilmaz 9MM pistols, which was a critical aspect of the misdemeanor charge levelled against him, when he only owned the Antique .22 Caliber Rifle.

24. Subsequently, Plaintiffs were charged in San Luis Obispo Superior Court with Penal Code § 25400 violations and an additional charge under Penal Code § 32310(c) for possession of large-capacity magazines. No such magazines were present in the vehicle.

25. After retaining counsel in the field of firearms law, who discussed the lawfulness of Plaintiffs' conduct, the criminal matters were dismissed.

26. After retaining counsel in the field of firearms law, paying all necessary fees, undergoing background checks, waiting for the State of California to process all background checks, and traveling back to San Luis Obispo, in compliance with the California procedures for law enforcement gun releases, the seized property was returned.

27. On July 25, 2024, Plaintiffs, through their attorney Jason A. Davis of The Davis Law Firm, filed petitions for factual innocence under Penal Code § 851.8 in San Luis Obispo Superior Court (Case Nos. 23M-05844 and 23M-05843).

28. On August 19, 2024, the Superior Court granted both petitions, finding no reasonable cause to believe Plaintiffs committed the cited offenses. This judicial determination confirms the stop, search, seizure, and citations were unreasonable and lacked probable cause.

29. Defendants' actions caused Plaintiffs emotional distress, loss of property (confiscated firearms), and damage to their reputations as law-abiding citizens exercising their constitutional right to bear arms.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Violation of Fourth Amendment – Unreasonable Search and Seizure (42 U.S.C. § 1983)**

(Against Defendant Hollins and Does 1-10)

30. Plaintiffs incorporate paragraphs 1-29 as if fully set forth herein.

31. Defendant Hollins, acting under color of state law, violated Plaintiffs' Fourth Amendment rights by unreasonably detaining them, searching their vehicle, and seizing their firearms without probable cause or reasonable suspicion of criminal activity beyond a minor traffic infraction.

32. The two-hour detention, demand for firearms, and confiscation exceeded the scope of a lawful traffic stop and lacked justification, as the firearms were lawfully transported under California law.

33. The state court's finding of factual innocence on August 24, 2024, confirms the absence of reasonable cause for the citations and seizure.

34. Hollins' actions violated clearly established law, as the right to transport unloaded firearms in locked containers was well-defined under Penal Code §

25610 and recognized as lawful under 14 CCR § 4313, precluding any reasonable belief that Plaintiffs' conduct was illegal."

35. As a direct and proximate result, Plaintiffs suffered damages, including emotional distress, loss of property, and attorneys' fees.

## SECOND CAUSE OF ACTION

**Violation of Fourteenth Amendment – Due Process (42 U.S.C. § 1983)**

(Against Defendant Hollins and Does 1-10)

36. Plaintiffs incorporate paragraphs 1-35 as if fully set forth herein.

37. Defendant Hollins, acting under color of state law, deprived Plaintiffs of their property (firearms) without due process by confiscating them without lawful basis and pursuing baseless charges, despite clear evidence of compliance with state law.

38. This deprivation was arbitrary and conscience-shocking, violating Plaintiffs' substantive due process rights under the Fourteenth Amendment.

39. Hollins' actions violated clearly established law, as the right to transport unloaded firearms in locked containers was well-defined under Penal Code § 25610 and recognized as lawful under 14 CCR § 4313, precluding any reasonable belief that Plaintiffs' conduct was illegal."

40. As a direct and proximate result, Plaintiffs suffered damages as described above.

**THIRD CAUSE OF ACTION**

**Violation of Second Amendment – Right to Keep and Bear Arms (42 U.S.C. § 1983)**

(Against Defendant Hollins and Does 1-10)

41. Plaintiffs incorporate paragraphs 1-40 as if fully set forth herein.

42. Defendant Hollins, acting under color of state law, violated Plaintiffs' Second Amendment rights by seizing their lawfully transported firearms and issuing citations without any lawful basis, thereby infringing their right to keep and bear arms for lawful purposes, including recreational shooting.

43. Hollins' actions violated clearly established law, as the right to transport unloaded firearms in locked containers was well-defined under Penal Code § 25610 and recognized as lawful under 14 CCR § 4313, precluding any reasonable belief that Plaintiffs' conduct was illegal."

44. Plaintiffs' firearms were unloaded, secured in locked containers, and transported in full compliance with California law, consistent with their constitutional right to bear arms. No historical tradition of firearm regulation justifies the seizure of such lawfully possessed and transported firearms in this context.

45. The state court's finding of factual innocence on August 24, 2024, confirms that Defendants' actions lacked reasonable cause and impermissibly burdened Plaintiffs' Second Amendment rights.

46. As a direct and proximate result, Plaintiffs suffered damages, including emotional distress, loss of property, and the chilling of their constitutional rights.

**FOURTH CAUSE OF ACTION**

**Malicious Prosecution (42 U.S.C. § 1983)**

(Against Defendant Hollins and Does 1-10)

47. Plaintiffs incorporate paragraphs 1-46 as if fully set forth herein.

48. Defendant Hollins, acting under color of state law, initiated and pursued criminal charges against Plaintiffs under Penal Code §§ 25400 and 32310(c) without probable cause, as confirmed by the Superior Court's finding of factual innocence on August 24, 2024.

49. Hollins acted with malice or reckless disregard for Plaintiffs' rights, amending citations to baseless charges and escalating the matter to formal prosecution despite clear compliance with California law.

50. The prosecution terminated in Plaintiffs' favor with the factual innocence finding.

51. As a direct and proximate result, Plaintiffs suffered damages, including emotional distress, legal fees, and reputational harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. "Compensatory damages in excess of $100,000 each for emotional distress, lost work, lost employment opportunities, travel costs, and other damages, and $25,000 in attorneys' fees incurred in state court proceedings.

2. Punitive damages against Defendant Hollins and Does 1-10 in their individual capacities;

3. Declaratory relief that Defendants' actions violated Plaintiffs' Second, Fourth, and Fourteenth Amendment rights;

4. Pre- and post-judgment interest;

5. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable law;

6. Such other relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.


**Dated: August 4, 2025**

Respectfully submitted,

**/s/ Jason A. Davis**
Jason A. Davis (SBN 224250)
THE DAVIS LAW FIRM
27201 Puerta Real, Suite 300
Mission Viejo, CA 92691
E-Mail: Jason@CalGunLawyers.com
Tel: (949) 310-0817
Fax: (949) 288-6894
Attorney for Plaintiffs Bryan Thomas Sjoerd Menne and Torrey Patrick Sjoerd Menne

## ATTESTATION OF E-FILED SIGNATURES

I, Jason Andrew Davis, am the ECF User whose ID and password are being used to file this SECOND AMENDED COMPLAINT for, *inter alia*, declaratory and injunctive relief. In compliance with Central District of California L.R. 5-4.3.4, I attest that all signatories are registered CM/ECF filers and have concurred in this filing.

Respectfully submitted,

**/s/ Jason A. Davis**
Jason A. Davis (SBN 224250)
THE DAVIS LAW FIRM
27201 Puerta Real, Suite 300
Mission Viejo, CA 92691